# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 17-4470 FMO (JEMx)** | Date | **July 5, 2017** |
|---|---|---|---|
| Title | **Habitat for Humanity Ventura County, Inc. v. Ace American Insurance Company, <u>et</u> <u>al.</u>** | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorney Present for Plaintiff: | Attorney Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Re: Remand

Plaintiff Habitat for Humanity Ventura County, Inc. ("Habitat for Humanity") brought this action against defendants Ace American Insurance Company and Chubb North American (collectively, "defendants") in Ventura County Superior Court on May 2, 2017. (<u>See</u> Dkt. 1-1, Complaint). Defendants removed the action on June 16, 2017, on diversity jurisdiction grounds under 28 U.S.C. § 1332. (<u>See</u> Dkt. 1, Notice of Removal at ¶ 7). In relevant part, 28 U.S.C. § 1332(a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" Federal courts have a duty to examine jurisdiction <u>sua</u> <u>sponte</u> before proceeding to the merits of a case, <u>see</u> <u>Ruhrgas AG v. Marathon Oil Co.</u>, 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party." <u>Arbaugh v. Y&H Corp.</u>, 546 U.S. 500, 514, 126 S.Ct. 1235, 1244 (2006). The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. <u>See</u> <u>DaimlerChrysler Corp. v. Cuno</u>, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 (2006).

Having reviewed the Notice of Removal, the court questions whether this case satisfies the requirements for diversity jurisdiction set forth in 28 U.S.C. § 1332(a). Specifically, defendants contend in a conclusory and unsubstantiated manner, that they are "informed by [Habitat for Humanity] that the amount [in controversy] exceeds $100,000 not including the request for punitive damages," (<u>see</u> Dkt. 1, Notice of Removal at ¶ 7), but do not attach any document or exhibit from Habitat for Humanity setting forth the amount in controversy or provide any additional details regarding Habitat for Humanity's demand. (<u>See</u>, <u>generally</u>, <u>id.</u>). The court's concern regarding the amount in controversy is also based on the fact that the plaintiff in the underlying complaint in this insurance action seeks damages for a faultily constructed bathroom in a mobile home and seeks damages for emotional distress totaling $25,000. (<u>See</u> Dkt. 1-1, Complaint at ¶¶ 12 & 19). Habitat for Humanity also made an offer to compromise, pursuant to California Civil Procedure Code § 998, for $10,000. (<u>See</u> <u>id.</u> at ¶ 22).

Based on the foregoing, IT IS ORDERED THAT:

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 17-4470 FMO (JEMx)** | Date | **July 5, 2017** |
|----------|---------------------------|------|------------------|

| Title | **Habitat for Humanity Ventura County, Inc. v. Ace American Insurance Company, et al.** |
|-------|------------------------------------------------------------------------------------------|

     1.  No later than **July 12, 2017**, defendants shall file a Supplemental Memorandum re: Jurisdiction, not to exceed five (5) pages, showing cause why this action should not be remanded for the reasons set forth above. **Defendants' failure to show cause by the deadline set forth in this paragraph shall be deemed as consent to the remand of this action to state court.**

     2.  Plaintiff shall file a Response to Defendants' Supplemental Memorandum re: Jurisdiction no later than **July 17, 2017**.

Initials of Preparer       vdr